# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| QUINN NELSON, | : |
| *Plaintiff*, | : |
| | : |
| V. | : Civil No. 3:21-CV-312(OAW) |
| | : |
| ELMCROFT SENIOR LIVING, et al., | : |
| *Defendants.* | : |

## RULING ON DEFENDANTS' MOTIONS TO DISMISS

Self-represented Plaintiff Quinn Nelson ("Mr. Nelson" or "Plaintiff") brings this action against Elmcroft Senior Living ("Elmcroft Senior Living") and Elmcroft of Bristol ("Elmcroft Bristol") (collectively "Defendants"), alleging that Defendants are liable for violating Plaintiff's constitutional right to be free from racial discrimination. He states that this court has jurisdiction because he is a Connecticut resident. ECF No. 1 at 2. Defendants filed Motions to Dismiss Plaintiff's claims against them, ECF Nos. 26 and 28,[1] arguing that the court lacks personal jurisdiction because Plaintiff failed to properly serve the Complaint and because Defendants do not have sufficient connections within state. Defendants also argue that Connecticut is not the proper venue for Plaintiff's claims. For the reasons that follow, the motions are **GRANTED.**

**I.    BACKGROUND**

The facts are taken primarily from the Complaint, ECF No. 1, and, because Defendants raise issues concerning service process, personal jurisdiction, and venue,

---

[1] The court notes that Defendants' failure to send the requisite Local Rule 12(a) Notice to Self-Represented Litigants amounts to harmless error as Plaintiff filed opposition papers to the motions. *See Torres v. Gaines*, 130 F. Supp. 3d 630, 634 (D. Conn. 2015) ("[t]he purpose of the local rule is to provide notice, and Plaintiffs must have had actual notice if they are able to quote the applicable rule.").

1

the court also considers affidavits filed in connection with the motions, and memoranda in opposition thereto.[2]

Mr. Nelson is a resident of Connecticut and purports to have been employed by Elmcroft Bristol.[3]  Complaint, ECF No. 1 at 1—2.  He alleges that one Anita Plaster ("Ms. Plaster"), Director of Elmcroft Bristol, terminated his employment based on unlawful racial discrimination.  *Id.* at 2—3.  Specifically, Plaintiff states that he was in an interracial relationship with another employee of Elmcroft Bristol, and subordinate of Ms. Plaster, one Becky Boswell ("Ms. Boswell").  According to the Complaint, after Ms. Plaster witnessed Mr. Nelson and Ms. Boswell out together (outside of work), Ms. Plaster would reprimand Plaintiff "for imaginary maladaptive work behaviors."  *Id.* at 2.  Plaintiff also states that "[n]o complaints concerning [his] behavior surfaced prior to Ms. Plaster learning of [his] relationship with Ms. Boswell."  *Id.*  Ms. Plaster allegedly "publicly state[ed] her opposition to 'mixed-race' couples [and] she subsequently fired [Plaintiff]."  *Id.*

On March 10, 2021, Plaintiff filed the Complaint, seeking backpay and punitive damages, *id.* at 4.  The Complaint lists as Defendants, Elmcroft Senior Living, located in Lake Oswego, Oregon, and Elmcroft Bristol, located in Bristol, Tennessee.  *Id.* at 1—2.  At the time he filed the complaint, Plaintiff purported to be a resident of Connecticut.  *Id.* at 2.

Defendants filed the within motions based on improper service of process, lack of personal jurisdiction, and improper venue, pursuant to Federal Rules of Civil Procedure 12(b)(5), (b)(2) and (b)(3).

---

[2] On a motion challenging this court's jurisdiction, the court may look to documents outside of the pleadings. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).
[3] The Complaint states that Elmcroft Bristol is "a chapter of Elmcroft Senior Living." *Id.* at 2.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) provides that "a party may assert the following defenses by motion: . . . lack of personal jurisdiction; . . . [and] insufficient service of process . . . ." Fed. R. Civ. P. 12(b)(2), (5). The United States Court of Appeals for the Second Circuit has recognized that "[i]n general, three requirements must be satisfied before a district court may lawfully exercise personal jurisdiction over a party . . . ." *Esso Expl. & Prod. Nigeria Ltd. V. Nigerian Nat'l Petroleum Corp.*, 40 F.4th 56, 68–69 (2d Cir. 2022). Specifically, "(1) 'the plaintiff's service of process upon the defendant must have been procedurally proper'; (2) 'there must be a statutory basis for personal jurisdiction that renders such service of process effective'; and (3) 'the exercise of personal jurisdiction must comport with constitutional due process principles.'" *Id.* (quoting *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016) (internal quotation marks omitted)).

"[T]he plaintiff bears the burden of showing that the court has jurisdiction over the defendant. Prior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *Metropolitan Life Ins. V. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) (citations omitted), *cert. denied,* 519 U.S. 1006 (1996). "[A]ll pleadings and affidavits are construed in the light most favorable to plaintiff, and where doubts exist, they are resolved in the plaintiff's favor." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985). However, conclusory statements that are not factually supported "lack the factual specificity necessary to confer jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)).

### III. DISCUSSION

Elmcroft Bristol states that it is misidentified in the Complaint and that its legal name is EC Opco Bristol LLC, d/b/a Elmcroft Bristol. ECF No. 26 at 1; Declaration of Sara Lee[4], ECF No. 27-1 at 1 ¶ 4. Similarly, Elmcroft Senior Living states that it is misidentified and its proper name is Eclipse Portfolio Operations LLC. ECF No. 28 at 1. Both defendants argue that Plaintiff failed to effect proper service upon them and that they did not waive such service. ECF No. 26 at 1; ECF No. 28 at 1. Defendants also argue that the court lacks personal jurisdiction over them because of the improper service, and based on their respective lack of any connection with the state of Connecticut. *Id.*

#### A. Service of Process

Federal Rule of Civil Procedure Rule 4(e) provides, in relevant part, that:

[u]nless a federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by:
   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
   (2) doing any of the following:
     (A) delivering a copy of the summons and of the complaint to the individual personally;
     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).[5] Federal Rule of Civil Procedure 4(h) provides, in relevant part, as follows:

---

[4] Sara Lee ("Ms. Lee") states that she is the Vice President of Human Resources at Eclipse Senior Living, Inc., ECF No. 27-1 at 1 ¶ 2; ECF No. 29-1 at 1 ¶ 2.
[5] Alternatively, Fed. R. Civ. Pro. 4(d)(1)(A)(ii) provides that a waiver requesting that a corporation, partnership or association waive service of process must be "addressed . . . to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."

4

>   Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic . . . corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>   . . .
>
>   **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>   **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."

*Id.* at 4(h)(1)(B). "Rule 4(e)(1) and (h)(1) 'together provide that service of process on a domestic entity may be made as authorized by the law of either the state in which the district court sits or in which service is effected.'" *Callahan v. iCare Health Network*, 2023 WL 2988889, at *3 (D. Conn. Apr. 18, 2023) (quoting *Gonzalez v. New Beginnings for Life, LLC*, 2020 WL 4937990, at *1 (D. Conn. 2020); Fed. R. Civ. P. 4(e), (h)).

Connecticut General Statutes § 52-57 generally holds, "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." Conn. Gen. Stat. § 52-57(a). As to a "private corporation . . . established under the laws of another state", a plaintiff may effectuate service upon,

>   the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or the assistant teller or its general or managing agent or manager or upon any director resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located. . . or upon the agent of the corporation appointed pursuant to section 33-922.

5

Each defendant states that it is a Limited Liability Company.  ECF No. 26 at 1; ECF No. 28 at 1.  Connecticut General Statutes § 34-243r(a) provides that such an entity "may be served with any process, notice or demand required or permitted by law by . . . leaving a true and attested copy with such company's registered agent, or at his or her usual place of abode in [Connecticut]."  Section 34-243r(a) also provides that service of process can be made by "handing a copy to the individual in charge of any regular place of business or activity of the company." § 34-243r(d); *see Callahan,* No. 2023 WL 2988889, at *3.

The parties do not dispute that both defendants are located in Tennessee.  Declaration of Sara Lee, ECF No. 27-1 at 1 ¶ 3; ECF No. 29-1 at 1 ¶ 3.  Tennessee Rule of Civil Procedure 4.04 provides that a plaintiff may properly make service:

> **(3)** Upon a partnership or unincorporated association (including a limited liability company) which is named defendant under a common name, by delivering a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of the association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association.
>
> **(4)** Upon a domestic corporation, or a foreign corporation doing business in this state, by delivering a copy of the summons and of the complaint to an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or by delivering the copies to any other agent authorized by appointment or by law to receive service on behalf of the corporation."

Tenn. R. Civ. P. 4.04 (3)—(4).

On March 15, 2021, the court granted Plaintiff leave to proceed in forma pauperis, and mailed to him a notice regarding service, along with the requisite forms for completing service.  ECF Nos. 8—10.  Thereafter, Plaintiff filed returns of service, signed by a United States Marshal, indicating service "by certified/registered mail".  ECF No. 11 at 1; ECF

No. 12 at 1. Defendants note that the mailings were sent to general business addresses and were "not directed to any specific individual or agent qualified to receive service and the waivers were not signed or returned." ECF No. 27 at 2; ECF No. 29 at 2. As such, Defendants aver that Plaintiff failed to show proper service or the requisite waiver thereof and, consequently, that this court lacks personal jurisdiction over them. ECF No. 27 at 2, 6; ECF No. 29 at 2, 6.

In response, Mr. Nelson states that he "properly appointed a Marshal to effectuate service of process on the Defendant[s] and the Defendant[s] simply chose to ignore the subpoena." ECF No. 31 at 1; ECF No. 32 at 1. He notes that "choosing to ignore service is not equivalent to not having been properly served" and that Defendants' arguments concerning state law service requirements are "frivolous" in light of the fact that the case is in federal court. ECF No. 31-1 at 4; ECF No. 32-1 at 3.

Defendant Elmcroft Bristol cites the Tennessee Secretary of the State's website for the proposition its business address on record with the state is "500 N. Hurstbourne Parkway, Suite 200, Louisville, [KY][6] 40222." ECF No. 27 at 5 (citing https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=101172167227232192150076088157017039062208149030). It further notes that its "designated Agent of Service of Process is 'CT Corporation System,'" with a mailing address at "330 Montvue Road, Knoxville, Tennessee 37919-5546." *Id.* at 5—6.

Defendant Elmcroft Senior Living states that its "designated agent for service of process is 'Registered Agent Solutions, Inc.' with a mailing address of 992 Davidson Drive, Suite B, Nashville, TN 37205." ECF No. 29 at 5.

---

[6] In an apparent scrivener's error, Defendant's brief lists "NY" in its stated mailing address. ECF No. 27 at 5.

7

Plaintiff has failed to produce any documentation that he effectuated proper service on either Defendant. The Marshal's return with respect to Elmcroft Bristol indicates service "by certified/registered mail" to that business at "826 Meadowview Road, Bristol, Tennessee, 37620," that was "signed for by C C." (apparently a front-desk receptionist). ECF No. 12 at 1—2. The Marshal's return with respect to Elmcroft Senior Living indicates service "by certified/registered mail" to that entity at "5885 Meadows Road, Suite 501, Lake Oswego, Oregon, 97035, that was "signed for by K. Harmon". ECF No. 11 at 1—2. Neither return indicates service to the defendants' designated addresses, nor to their respective agents for service. The returns indicate mailing to "Elmcroft of Bristol" and "Elmcroft Senior Living". ECF No. 11 at 1; ECF No. 12 at 1. Plaintiff also has not provided any evidence that Defendants waived service pursuant to Rule 4(d).[7] The court concludes that Plaintiff has failed to properly serve Defendants and, therefore, the Motions to Dismiss, ECF Nos. 26 and 28, are **GRANTED.** Further, even if the court were to permit Plaintiff to attempt to perfect service, he has failed to allege facts sufficient to establish this court's personal jurisdiction over the defendants.

### B. Statutory Basis for Personal Jurisdiction Over Defendants

Both Elmcroft Bristol and Elmcroft Senior Living state that Plaintiff fails to state any facts establishing this court's personal jurisdiction over them. ECF No. 27 at 8—9; ECF No. 29 at 8—9. Defendants specifically note that "Plaintiff's claims of discrimination solely arise out of alleged conduct that occurred while he was employed by Eclipse Portfolio Operations in Tennessee." ECF No. 27 at 8—9; ECF No. 29 at 9. Therefore, according to Defendants, Plaintiff must allege that they transacted business in Connecticut in order

---

[7] Although Mr. Nelson filed documents he titled "Waiver of Service," ECF Nos. 11, 12, those filings reflect only the Marshal's returns of service.

8

to exercise personal jurisdiction over them and there are no facts indicating any such activity.  ECF No. 27 at 9; ECF No. 29 at 9.

Plaintiff argues in opposition that "this Court *does* hold personal jurisdiction over the Defendant[s] as they were properly served and the complaint does not need to have a connection with the State of Connecticut as the Plaintiff lives there and Federal jurisdiction supersedes State jurisdiction."  ECF No. 31 at 1; ECF No. 32 at 1.

Despite Plaintiff's contention that federal law preempts state law, "[i]n a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules if the federal statute does not specifically provide for national service of process."  *Bethel v. BlueMercury, Inc.*, 2022 WL 3594575, at *9 (S.D.N.Y. Aug. 22, 2022) (citing *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) (internal quotation marks omitted)).  If the court concludes that its exercise of personal jurisdiction is consistent with the provisions of the applicable long-arm statute, it must next "assess whether the exercise of personal jurisdiction comports with due process . . . ."  *Esso Expl. & Prod. Nigeria Ltd.*, 40 F.4th at 69; *see also Chloe v. Queen Bee of Beverly Hills*, 616 F.3d 158, 163-64 (2d Cir. 2010).[8]

This court has recognized that "Connecticut's general long-arm jurisdiction provision, § 52–59b(a), applies to foreign LLCs, rather than Connecticut's corporation-specific long-arm provision, § 33–929(e)–(f)."  *Austen v. Catterton Partners V, LP*, 729 F. Supp. 2d 548, 559 (D. Conn. 2010); *see Matthews v. SBA, Inc.*, 149 Conn. App. 513, 546,

---

[8] The same is true to the extent Plaintiff relies on this court's diversity jurisdiction.  *See Simonson v. Olejniczak,* No. 3:21CV01118 (SALM), 2022 WL 6509428, at *6 (D. Conn. May 17, 2022) ("[I]n resolving questions of personal jurisdiction in a diversity action, a district court must conduct a two-part inquiry. First, it must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." (quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 567 (1996)), *aff'd,* 2023 WL 2941521 (2d Cir. Apr. 14, 2023).

(2014) (applying decision in *Austen*), *cert. denied,* 312 Conn. 917 (2014); *Rajkarnikar v. Blue Tarp reDevelopment, LLC*, 2022 WL 11161771, at *3 (D. Conn. Oct. 19, 2022). Section 52-59b provides, in relevant part as follows:

> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or foreign voluntary association, . . . , who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, . . . ; (3) commits a tortious act outside the state causing injury to person or property within the state, . . . if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state.

Conn. Gen. Stat. § 52-59b(a).

Plaintiff complains of unlawful discrimination based on conduct occurring while he was employed by Defendants' business, known as Elmcroft Bristol, located in Bristol, Tennessee. Plaintiff has alleged no facts indicating that Defendants transacted business in Connecticut pursuant to the requirements of section 52-59b(a). He fails to cite any business activity of Defendants in Connecticut and instead relies upon the notion that because he lives here, "the complaint does not need to have a connection with the State of Connecticut." ECF No. 31 at 1; ECF No. 32 at 1. This is not so. Rather, except in a state where a defendant "is fairly regarded as at home," *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924, in order for the court to exercise jurisdiction "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is

therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Goodyear*, 564 U.S. at 919). The court does not have personal jurisdiction over Defendants and, therefore, the Motions to Dismiss, ECF Nos. 26 and 28, hereby are **GRANTED**.[9]

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss, ECF Nos. 26 and 28, are **GRANTED**. The Clerk of Court hereby respectfully is directed to render judgment in favor of Defendants and close this case, please.

**IT IS SO ORDERED** at Hartford, Connecticut this 22nd day of June, 2023.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[9] Because the court concludes that it lacks personal jurisdiction over Defendants, it does not reach their arguments regarding whether venue is proper here.